UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00101-RJC

| JOSHUA PRESSON, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **Order** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Attorney Fees. (DE 20). For the reasons stated herein, the Court will grant the motion in part and deny in part.

I.     BACKGROUND

After Plaintiff filed his Motion for Summary Judgment, (DE 14), the Commissioner moved to enter a judgment remanding the case for further administrative proceedings. (DE 17). After consenting to the Commissioner's remand motion, Plaintiff filed the instant motion for attorney fees. (DE 20). Plaintiff argues he is entitled to $9,639.31 in attorney fees for 44.05 hours of work. (DE 21 at 5). The Commissioner agrees that attorney fees and costs are warranted. (DE 23). However, the Commissioner argues the attorney fees are excessive and requests that the fee be reduced to 24.05 hours, or $4,874.25. (*Id.* at 5). The relevant time entries are reproduced below. (DE 21-2).

| | | |
| --- | --- | --- |
| 1/19/2021 | Review file, draft memo and AC brief | 8 EJM |
| 1/20/2021 | Review case and merit memo to decide whether to accept case for appeal to district court. Conclusion: Take case | 3 GSP |
| 10/8/2021 | Review medical record and analyze medical evidence. | 5 CH |
| 10/9/2021 | Review medical record and analyze medical evidence. | 6 CH |
| 10/10/2021 | Review medical record and analyze medical evidence. | 6 CH |
| 10/12/2021 | Drafted D.C. Brief – Summary of Case, Summary and Court of | 2 CH |

|  |  |  |
|---|---|---|
|  | Administrative Proceedings, and Standard Of Review And Relevant Law. |  |
| 10/13/2021 | Drafted argument one: unconstitutional adjudicatory process and argument two: medical opinion evidence | 6 CH |
| 10/14/2021 | Finish argument two: medical opinion evidence argument and argument three: DOT-vocational testimony conflict | 6 CH |

## II.    STANDARD OF REVIEW

Under the Equal Access to Justice Act ("EAJA"), an award of attorney's fees must be reasonable with respect to the hourly rate charged and the number of hours billed. *See Hyatt v. Barnhart*, 315 F.3d 239, 248 (4th Cir. 2002) (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). The prevailing party bears the burden of demonstrating to the Court that the number of hours charged are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. at 434. The Court has discretion to determine what constitutes a reasonable fee award. *See May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991); *Hensley*, 461 U.S. at 433 ("It remains for the district court to determine what fee is 'reasonable'").

## III.    DISCUSSION

### A.    The time spent reviewing the merits of the case was excessive.

On January 19, "EJM" spent 8 hours to "review file, draft memo and AC brief." (DE 21-2). The following day on January 20, attorney Piemonte spent another 3 hours to review the case and merit memo "to decide whether to accept case for appeal to district court. Conclusion: Take case." (*Id*.) The Commissioner argues that these time entries should be reduced (from 11 hours to 1 hour) because 11 hours spent between two attorneys reviewing a case to decide whether to accept it is both excessive and duplicative. (DE 23).

i.    <u>Attorney EJM's time spent reviewing the merits of this case was excessive.</u>

District courts often consider counsel's experience to determine whether their time spent

on a particular task was reasonable. *See William M. v. Kijakazi*, No. 3:17CV1681(AWT), 2022 WL 292406, at *2 (D. Conn. Feb. 1, 2022) (attorney's experience considered in a four-factor test to assess reasonableness of attorney fees). Consequently, it is difficult for this Court to assess whether the 8 hours spent by EJM is reasonable because the Court is uncertain of who EJM is. Plaintiff has not provided an affidavit from EJM to elucidate the Court of his or her relevant experience in the field of Social Security appeals, which would help the Court determine whether 8 hours is a reasonable amount of time given his or her experience. *See Smith v. Kijakazi*, No. 3:20-cv-00471-MR, 2022 WL 1497156, at *3 (W.D.N.C. May 11, 2022) (reduced 7.98 hours claimed by "EJM" to zero because the time was not supported by an affidavit). The Court also struggles to make a fully informed analysis of EJM's time because the January 19 block entry is ambiguous. *See Singer v. Berryhill*, No. 5:14-CV-00034-RLV-DCK, 2017 WL 2375699, at *2 (W.D.N.C. May 31, 2017) ("by broadly categorizing significant portions of billable time… without any further descriptors, Plaintiff's counsel has made it difficult to determine if he expended time in this action reasonably"). For example, Plaintiff has left it up to the Court's imagination to determine what an "AC brief" is, and how much time would be reasonable to spend on it. The Court concludes that "EJM" spent an excessive amount of time reviewing and opining on the merits of a case; therefore, the Court will reduce the January 19 time entry by 50% (from 8 hours to 4 hours).

ii. <u>Attorney Piemonte's time spent reviewing EJM's work is reasonable</u>

Attorney Piemonte spent 3 hours reviewing this case for its merits before deciding whether to accept it. (DE 21-2). In *Hassan v. Kijakazi*, attorney Piemonte spent just 2 hours reviewing a case for merit. *See* No. 5:19-CV-00125-MR-WCM, 2021 WL 3878279, at *3 (W.D.N.C. Aug. 27, 2021). The Court notes that he spent an additional 1 hour reviewing the merits of the present

case; however, the Court declines to reduce Piemonte's time on the grounds that it is excessive or duplicative of EJM's time as the Commissioner has failed to show how one additional hour warrants a reduction. Regardless of the experience of attorney EJM, there appears to be nothing inappropriate or duplicative with a supervising attorney like Piemonte thoroughly reviewing EJM's work to determine whether the case is meritorious enough for appeal. Accordingly, a reduction for reviewing the merits is not warranted here.

> **B. Attorney Hardesty's time spent preparing Plaintiff's summary judgement brief was not excessive.**

From October 8–14, attorney Hardesty spent 31 hours preparing Plaintiff's Memorandum in Support of Motion for Summary Judgement. (DE 21-2). The Commissioner argues that this time should be reduced. (DE 23). Specifically, the Commissioner argues that the 17 hours attorney Hardesty ("CH") spent reviewing the medical record was duplicative considering that attorneys "EJM" and "GSP" already spent 11 hours reviewing the case, and excessive because the administrative record was 664 pages, while the medical record itself was only about 340 pages. (*Id.*)

The Court finds that the time spent by attorney Hardesty drafting the summary judgement brief and reviewing the medical record is not excessive nor duplicative. It is not atypical to spend 31 hours on a summary judgement brief and 17 hours to review the medical evidence, even when the administrative record is relatively short. *See Mooney v. Saul*, No. 1:18-cv-00097-MR, 2020 WL 475619, at * 3 (W.D.N.C. Jan. 29, 2020) (holding that it was reasonable to spend 31.3 hours on a summary judgement brief with an administrative record totaling 374 pages). Additionally, this Court finds this amount of time reasonable in light of attorney Hardesty's experience in Social Security disability matters. While the Court is confident in Hardesty's skill as an attorney, he recently graduated from law school in 2019 and only has about 1 year of experience in the field of

Social Security disability. (DE 21-5). This Court also declines to reduce attorney Hardesty's time on the grounds that it was duplicative of EJM or Piemonte's time since the Court already addressed issues with EJM's time and reduced it by half. *See supra* at 3. Therefore, a reduction in time is not warranted here.

### IV. Conclusion

Since billing rate for "EJM" on the January 19 time entry was $210.00 and the Court reduced the hours from 8 hours to 4 hours, the total reduction in fees is $840.00 ($210.00 x 4 hours). Thus, the total attorney fees Plaintiff is entitled to is $8,799.31 ($9,639.31 minus $840.00).

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorney fees is **GRANTED in part** and **DENIED in part**. In particular, it is **DENIED** as to $9,639.31 in attorney fees for 44.05 hours of work and is **GRANTED** as to $8,799.31 in attorney fees for 40.05 hours of work.

**SO ORDERED**.

Signed: August 8, 2022

Robert J. Conrad, Jr.
United States District Judge